**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDRES MORENO-SANCHEZ, AKA Andres Moreno, AKA Andres Sanchez Moreno, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 14-73892 <br><br> Agency No. A205-719-460 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued November 8, 2016 Submitted April 5, 2017
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and BELL,[**] District Judge.

Andres Moreno-Sanchez ("Moreno"), a citizen and native of Mexico,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

affirming the denial by the immigration judge ("IJ") of Moreno's applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition in part, deny it in part, and remand to the BIA.

1.    We remand to the BIA for reconsideration of Moreno's eligibility for cancellation of removal. The BIA found Moreno ineligible for cancellation based solely on his violation of California Health and Safety Code ("CHSC") § 11357(b) (2011) (amended 2014 and 2016), which the BIA concluded was a "conviction" within the meaning of INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). From this, the BIA concluded that Moreno's conviction was a disqualifying offense barring him from cancellation pursuant to INA § 212(a)(2), 8 U.S.C. § 1182(a)(2).

Under the language of CHSC § 11357(b) in effect at the time, Moreno's conviction was for possession of "not more than 28.5 grams of marijuana," making him "guilty of an infraction" only. CHSC § 11357(b) (2011).

The BIA does not categorically treat all "infractions" as "convictions" within the meaning of INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). In *Matter of Cuellar-Gomez*, 25 I. & N. Dec. 850 (BIA 2012), a precedential decision not cited by the BIA here, the BIA held that a "formal judgment of guilt entered by a court qualifies as a conviction under section 101(a)(48)(A) so long as it was entered in a

2

'genuine criminal proceeding,' that is, a proceeding that was 'criminal in nature under the governing laws of the prosecuting jurisdiction.'" *Id.* at 852 (quoting *Matter of Rivera-Valencia*, 24 I. & N. Dec. 484, 486–87 (BIA 2008)); *see id.* at 853–55. Because the BIA did not consider *Cuellar-Gomez* when it found that Moreno was ineligible for cancellation, we remand to the BIA for it to consider in the first instance whether Moreno's infraction is a "conviction." *See INS v. Ventura*, 537 U.S. 12, 16–17 (2002) (per curiam) (holding that when an agency has not reached an issue, the proper course is to remand to the agency to address it in the first instance); *Delgado v. Holder*, 648 F.3d 1095, 1108 (9th Cir. 2011) (en banc) ("Without knowing the basis of the Board's decision, we cannot conduct a meaningful review. We therefore remand to the BIA for a clear explanation.").

2.      We lack jurisdiction to review the BIA's discretionary denial of Moreno's request for administrative closure of his case. *See Diaz-Covarrubias v. Mukasey*, 551 F.3d 1114, 1117–20 (9th Cir. 2009). Finally, we lack jurisdiction to consider Moreno's request for a continuance because Moreno failed to exhaust the claim before the IJ and the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We dismiss the petition for review with respect to those claims.

3

3.     In light of our disposition, we decline to reach Moreno's contentions regarding asylum, withholding of removal, CAT protection, and voluntary departure warnings.

**PETITION GRANTED IN PART, DENIED IN PART.  REMANDED.**